IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-41317
_____


JOSE ALFREDO RIVERA,

Petitioner-Appellant,

versus

JANIE COCKRELL, Director,
Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Texas
_____

November 27, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:*

I

In May 1994, Jose Alfredo Rivera was convicted and sentenced
to die for murdering Daniel Luis Blanco, a child, during an
aggravated sexual assault. On direct appeal, the Texas Court of
Criminal Appeals affirmed in an unpublished opinion. Rivera did
not seek certiorari review.

---

* Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

On April 21, 1997, Rivera filed his state habeas application, supplementing it on December 8, 1997, with some thirty claims. Eleven months later the trial court issued findings and conclusions recommending the denial of relief. The Court of Criminal Appeals in an unpublished order adopted the principal findings and conclusions of the habeas court on December 16, 1998.

Rivera filed his federal habeas petition and separate memorandum in support in July 1999, raising twenty-four grounds for relief. On August 27, 2001, United States Magistrate Judge John Black issued a report recommending denial of an evidentiary hearing, the granting of the Director's motion for summary judgment, and denial of all habeas relief. United States District Judge Filemon Vela adopted the report and recommendation and on December 3, 2001, denied a COA. Rivera timely appealed, and on May 13, 2002, filed his application for COA raising twenty-six issues. The state responded with a detailed 85-page memorandum.

The state first argued that Rivera had abandoned many of his claims by inadequate briefing.[1] This argument has merit. We choose not to rest here because Magistrate Judge Black's detailed order, adopted by Judge Vela, addressed each of the claims for which review is now sought in this court and we are persuaded that all are plainly without merit.

---

[1] Procedural Claim Numbers 1 and 5; Substantive Claim Numbers 6, 7, 8, 9, 10, 11, 14, 15, 16, 17, 19, and 20.

Because Rivera filed his federal habeas petition in July 1999, after the date of the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, he must first obtain a COA before he may receive full appellate review of the lower court's denial of habeas relief.[2]  As we stated in *Beazley v. Johnson*:[3]

> A COA will *not* be granted unless the petitioner makes "a substantial showing of the denial of a constitutional right." [28 U.S.C.] § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." [*Slack v. McDaniel*, 529 U.S. 473, 475.]  Restated, the petition "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[4]

As for the procedural grounds, we explained in *Rudd v. Johnson*:[5]

> [A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.[6]

---

[2]  *See Penry v. Johnson*, 532 U.S. 782, 792, 121 S. Ct. 1910, 1918 (2001) (*Penry II*); 28 U.S.C. § 2253(c)(1)(A).

[3]  242 F.3d 248, 263 (5th Cir.), *cert. denied*, 122 S. Ct. 329 (2001).

[4]  *Id.*

[5]  256 F.3d 317, 319 (5th Cir. 2001).

[6]  *Id.*

Pursuant to this scheme, appellate courts "review pure questions of law and mixed questions of law and fact under § 2254(d)(2), provided that the state court adjudicated the claim on the merits."[7] As a result, a federal reviewing court must defer to the state court unless its decision "was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States,"[8] or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[9] We are persuaded that the federal trial court correctly applied these standards in denying relief and refusing to issue a COA.

For essentially the reasons stated by Judge Black and adopted by Judge Vela, we deny a COA on all of the claims. The requests for COA and stay of execution are DENIED.

---

[7] *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000), *cert. denied*, 532 U.S. 949, 121 S. Ct. 1420 (2001).

[8] A decision is contrary to clearly established federal law if the state court "applies a rule that contradicts the governing law set forth in [the Court's] cases," or confronts facts that are "materially indistinguishable" from relevant Supreme Court precedent, yet reaches an opposite result. *Penry II*, 532 U.S. at 792; *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000) (*Williams I*). A decision arrives at an unreasonable application of clearly established federal law "if the state court identified the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Penry II*, 532 U.S. at 792; *see Williams I*, 529 U.S. at 407-09.

[9] *Id.*